UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

T. TERELL BRYAN                                                                      PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:10-cv-579-CRS

DEFENSE TECHNOLOGY U.S.,
U.S. ATTORNEY, PENNY MORTON,
TRACEY T. SUMNER, ET AL.                                                          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff, T. Terell Bryan ("Plaintiff") to remand this action to state court (DN 27), motion of the defendant, Defense Technology Corporation of America, Inc. ("DTC"),[1] to dismiss for failure to state a claim (DN 4), motion of the defendant, the United States Attorney (the "U.S. Attorney"), to dismiss (DN 14), and motion of the defendants, Penny Morton ("Morton") and Tracey T. Sumner ("Sumner," and collectively, "Defendants"), to dismiss for lack of personal jurisdiction, failure to state a claim, and for frivolity of the claim (DN 29). The court finds as follows.

Plaintiff, an inmate at the Perry Correctional Institution in Pelzer, South Carolina, filed a *pro se* complaint against Defendants, alleging injuries from exposure to mace. (DN 1). Plaintiff alleges that on November 13, 2007 and November 26, 2007, while he was detained in the McCormick Correctional Institution in McCormick, South Carolina, Defendant Morton, a

---

[1]DTC informs the court that it was improperly identified in Plaintiff's Complaint as "Defense Technology U.S." (DN 4, Exhibit 1). Apparently, the name of the corporate entity at the time of the events alleged in Plaintiff's complaint was "Defense Technology Corporation of America, Inc.," and a later corporate merger on December 31, 2009 resulted in the successor entity being named "Safariland, LLC." *Id.*

correctional officer, sprayed mace into his cell and caused him physical injury. (DN 1, Exhibit 1, Summons and Complaint). Plaintiff further alleges that after being sprayed with mace by Defendant Morton, he was taken to Defendant Sumner, a nurse in the facility, for treatment. *Id*. Plaintiff claims that Defendant Sumner possessed insufficient knowledge and information about mace and failed to treat him properly. *Id*. Plaintiff also alleges that after he was injured from the mace exposure, he requested Defendant U.S. Attorney to prosecute the manufacturers of the mace product, Defendant DTC. *Id*. Plaintiff now brings this action alleging various claims against Defendants.

I. PLAINTIFF'S MOTION TO REMAND

First, the court addresses the motion of Plaintiff to remand this action to state court. (DN 27). Plaintiff originally filed his complaint in Jefferson Circuit Court, Jefferson County Kentucky. *See* (DN 1) (Case No. 10-CI-05678). Defendants removed this action pursuant to 28 U.S.C. § 1441. *Id*. The complaint names a federal defendant, the U.S. Attorney, and alleges causes of action under the United States Constitution, along with state causes of action. (DN 1, Exhibit 1, Summons and Complaint).

On a motion to remand, the defendant bears the burden of establishing that removal was proper. *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Removal under 28 U.S.C. §§ 1441 and 1446 is appropriate when federal jurisdiction existed at the time of removal, "and subsequent events, whether beyond the plaintiffs' control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). Therefore, we determine whether subject matter

jurisdiction exists by "looking to the complaint as it existed at the time the petition for removal was filed." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38, 59 S.Ct. 347, 348-49, 83 L.Ed. 334 (1939); *See also Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). Even "when a subsequent narrowing of the issues excludes all federal claims, whether a pendant state claim should be remanded to state court is a question of judicial discretion, not of subject matter jurisdiction." *Rosado v. Wyman*, 397 U.S. 397, 403-05, 90 S.Ct. 1207, 1213-15, 25 L.Ed.2d 442 (1970).

The United States Court of Appeals for the Sixth Circuit discussed a motion to remand in *Rogers v. Wal-Mart Stores, Inc*. 1230 F.3d at 872. In *Rogers*, the plaintiff appealed a denial of his motion to remand, where the plaintiff had stipulated damages below the jurisdictional amount subsequent to removal. *Id*. The Court noted that "in reviewing the denial of a motion to remand, a court looks to whether the action was properly removed in the first place," so that "a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint." *Id*. The Court further stated that "[i]f plaintiffs were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Id*.

Recently, in the Eastern District of Kentucky, the court in *Davis v. Goss* discussed the ability to remove federal claims and the effect of a prisoner's attempt to withdraw his federal claims and remove an action back to state court. *See* 2010 WL 1872871 (E.D. Ky. May 10, 2010). The Court stated that "the removability of a case is determined as of the time of removal" and "[t]hus, [the plaintiffs'] attempt to withdraw his federal claims has no affect on [the defendant's] earlier removal." *Id*. at *1. The Court exercised its discretion to retain jurisdiction and dismissed all of the

plaintiff's claims under 28 U.S.C. 1915(g) due to his excessive frivolous litigation history in state and federal court. *Id*. at *1, *10.

In this case, Plaintiff states that he denies any assertion of federal claims and will not pursue any, and also states his intention to remove Defendant U.S. Attorney from this case. (DN 27). Defendants argue that subject matter jurisdiction existed at the time of removal and it was proper. (DN 30). Despite Plaintiff's argument that he will not pursue any federal claims and withdraw his claims against Defendant U.S. Attorney, we find removal was proper and decline to remand this action to Jefferson Circuit Court. *See IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc., et al.*, 676 F.2d 152 (5th Cir. 1982) ("[a] federal officer may be eliminated from a case at any time, even after trial. If his falling out of the case were held to require automatic remand a waste of judicial resources might result"). Having determined that jurisdiction is proper, we now turn to the pending motions to dismiss.

II. MOTIONS TO DISMISS OF DEFENDANTS DTC, MORTON, AND SUMNER

Defendant DTC filed its motion to dismiss for failure to state a claim (DN 4) arguing that Plaintiff's claims against it are barred by Kentucky's one-year statute of limitations contained in KRS § 413.140(1)(a), and that therefore, this action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). (DN 4). Defendants Morton and Sumner joined in Defendant DTC's motion to dismiss for failure to state a claim and adopted its argument in their own motion to dismiss (DN 29). When a motion to dismiss is made, the court accepts the well-pleaded facts of the complaint as true and construes the complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The complaint may be dismissed "if it is

clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Morgan*, 829 F.2d at 12.

Plaintiff's claims stem from two alleged incidents, on November 13, 2007 and November 26, 2007, where mace was sprayed into his cell, causing him physical injury. (DN 1). Plaintiff's first claim against DTC is that it violated his due process rights be enabling others to use DTC's product and by failing to ensure that others are not unreasonably using DTC's product. *Id*. at ¶ 32. Plaintiff also claims that DTC was grossly negligent by (1) "failing to adequately inform" about the product's dangerous side effects to bystanders, how or when to treat persons exposed to the product, and proper decontamination procedures; (2) failing to ensure that the product is not misused; (3) failing to report criminal use of the product; and (4) failing to discontinue distribution of its product to anyone who "criminally uses" the product. *Id*. at ¶ 33.

KRS § 413.140(1)(a) states that claims for injury to the person of the plaintiff must be brought within one year of the date the action accrues. Plaintiff's claim for violation of his due process rights is also governed by this statute of limitations, as he presumably intends it as the equivalent of a claim for a violation of his civil rights under 42 U.S.C. § 1983. *See Collard v. Ky. Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (holding that the one-year statute of limitations for personal injury actions provided by KRS § 413.140(1)(a) is the applicable statute of limitations for § 1983 claims brought in Kentucky). Plaintiff alleges that his injuries from the mace exposure occurred on November 13, 2007 and November 26, 2007. (DN 1, Exhibit 1, Summons and Complaint). Thus, Plaintiff was required to bring this action before or during November of 2008. Plaintiff filed his complaint on August 13, 2010, more than one year after the statutory limitations time period for bringing his claim had expired. Plaintiff's claim was thus brought outside of the

applicable statute of limitations and the motion to dismiss Plaintiff's due process claims (DN 4) will be granted.

In addition to joining Defendant DTC's argument that Plaintiff's claims should be dismissed for failure to state a claim, Defendants Morton and Sumner also argued in their motion to dismiss that personal jurisdiction does not exist and that Plaintiff's claims should be dismissed for frivolity (DN 29). Defendant DTC also joined the argument of Defendants Morton and Sumner that Plaintiff's claims should be dismissed for frivolity. (DN 37).

First, Defendants Morton and Sumner assert that they are not subject to personal jurisdiction in Kentucky. Defendants argue that Plaintiff did not allege any connection between Defendants and Kentucky in his complaint. Defendants further argue that Plaintiff did not allege that Defendants are subject to jurisdiction in Kentucky pursuant to its long-arm statute, and "[t]he burden of proving jurisdictional facts is on the plaintiff." (DN 29) (citing *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980)). Plaintiff does not allege in his complaint that either Defendant Morton or Sumner "regularly does or solicits business" in Kentucky, or "engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed" within Kentucky, as provided in the Kentucky long-arm statute. *See* KRS § 454.210(2)(a). Plaintiff argues in his response that sufficient contacts exist with Kentucky, but provides no evidence or specific support for this contention. (DN 34). Therefore, Defendants' motion to dismiss Plaintiff's claims against Defendants Morton and Sumner will be granted.

Defendants Morton, Sumner, and DTC also argue that this case is duplicative and should be dismissed for frivolity, because Plaintiff has filed several other cases in different jurisdictions arising

out of the same acts and omissions described in his complaint in this case. (DN 29)[2] Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. 1915(e). *See e.g., Cato v. United States*, 70 F.3d 1103, 1005 n.2 (9th Cir. 1995) ("[t]here is no abuse of discretion where a district court dismisses under § 1915(d) a complaint that merely repeats pending or previously litigated claims"); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992) ("a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," so Congress included an exception in the statute "which allows the courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious"). Therefore, given the court's authority under 28 U.S.C. § 1915(e) and the voluminous number of cases regarding this same nucleus of facts and initiated by Plaintiff proceeding *in forma pauperis*, we hold that dismissal of Plaintiff's claims is proper.

### III. DEFENDANT U.S. ATTORNEY'S MOTION TO DISMISS

Defendant U.S. Attorney filed a motion to dismiss Plaintiff's claim, arguing that the United States has not waived sovereign immunity for constitutional claims against itself or its agencies and Plaintiff has failed to exhaust administrative remedies with respect to his tort claim. (DN 14). Plaintiff alleges in his complaint that Defendant U.S. Attorney violated his due process rights when

---

[2] Defendants cite to several cases in support. (DN 29) (citing *Bryan v. Russell Campbell, et al.*, 3:10-cv-541-J-99MMH-TEM (filed in the Middle District of Florida and transferred to the District of South Carolina); *Bryan v. Defense Technology U.S., et al.*, 2:10-cv-00152-ABJ (filed in the District of Wyoming and transferred to the District of South Carolina); *Bryan v. Defense Technology, et al.*, 3:30-cv-01771W-BGS (filed in San Diego County Superior Court and removed to the Southern District of California); *Bryan v. Defense Technology U.S., et al.*, 2:10-cv-02241-MCE-GGH (filed in Sacramento County Superior Court and removed to the Eastern District of California); *Bryan v. Defense Technology U.S., et al.*, 2:10-cv-01601-RCB-JRI (filed in the District of Arizona); *Bryan v. Defense Technology U.S., et al.*, 2:10-cv-5980-AG (JEM) (filed in Central District of California); and *Bryan v. Russell Campbell, et al.*, 3:10-cv-00882-ST (District of Oregon)).

it did not prosecute Defendant DTC, as requested by Plaintiff. (DN 1, Exhibit 1, Summons and Complaint).

The United States possesses sovereign immunity from money damages suits except to the extent that it expressly consents to be sued. *Dalehite v. United States*, 346 U.S. 15, 30 (1953). Thus, because The United States has not waived immunity for money damages suits based on claims of constitutional violations, Plaintiff's claims are barred. *See Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990); *Heritage Hills Fellowship v. Plouf*, 555 F.Supp. 1290, 1294 (E.D. Mich. 1993). Plaintiff argues in his response that Defendant U.S. Attorney waived its sovereign immunity by removing this action to federal court (DN 26). However, the case cited by Plaintiff in support of this position, *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613 (2002), does not support his position and involves only state immunity from suit provided by the Eleventh Amendment of the United Statutes Constitution. We conclude that the motion to dismiss of Defendant U.S. Attorney should be dismissed based on sovereign immunity.

Defendant U.S. Attorney also argues that Plaintiff's claims against it are barred because Plaintiff failed to exhaust administrative remedies pursuant to 28 U.S.C. § 2675(a). (DN 14). In his response, Plaintiff asserts that he did file an administrative tort claim and attaches correspondence with the Federal Bureau of Investigation where he requests the Bureau to look into his allegations regarding the use of mace against him. (DN 26). However, these documents do not show that Plaintiff submitted a claim to the Department of Justice or the Attorney General to allege damages based on Defendant U.S. Attorney's failure to prosecute Defendant DTC. Therefore, Plaintiff has failed to exhaust administrative remedies with regard to his tort claim against Defendant U.S.

- 9 -

Attorney as required by 28 U.S.C. § 2675(a) and his claims should be dismissed.  *See e.g., Allen v. United States*, 517 F.2d 1328 (6th Cir. 1975).

Further, Plaintiff has most recently asserted that the "U.S. Attorney is effectively deleted as a party" and indicated to the court his intention to drop all claims against Defendant U.S. Attorney. (DN 27). Thus, the motion of Defendant U.S. Attorney should be granted.

An order consistent with this opinion will be entered this date.

April 27, 2012

**Charles R. Simpson III, Judge
United States District Court**